IN THE UNITED STATES BANKRUPTCY COURT
OF THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| LILIA MURRAY | § | |
| Debtor | § | Case No. 13-70547 |

### APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF <u>LAW OFFICE OF ANTONIO MARTINEZ, JR., P.C. AS ATTORNEY FOR THE DEBTOR, NUNC PRO TUNC</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTIONS SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

Now comes Lilia Murray, (hereafter "Debtor"), and files this *Application for the Approval of the Employment of the Law Office of Antonio Martinez, Jr., P.C. as Attorney for the Debtor* ("Application") for entry of an order authorizing the Debtor's retention of the Law Office of Antonio Martinez, Jr., P.C., ("LOAM") as its counsel as of the Petition date. In support of the Application the Debtor relies upon the Affidavit of Antonio Martinez, Jr. ("Martinez Affidavit"), attached hereto as **Exhibit "A."** The Debtor presents this Application and respectfully represents the following:

**I. JURISDICTION, VENUE AND BACKGROUND**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Sections 327, 330, and 1107 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 2014 of the Local Court Rules of the United States Bankruptcy Court for the Southern District of Texas.

3. On October 22, 2013, ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code").

4. The Debtor continues to manage and operate his business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in these Cases by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

5. A further description of the background of the Debtor, and the events leading up to the filing of the voluntary petitions by the Debtors is set out in other pleadings.

## II. RETENTION OF THE LAW OFFICE OF ANTONIO MARTINEZ, JR., P.C.

6. The Debtor has retained *Law Office of Antonio Martinez, Jr., P.C.* to represent it in its Chapter 11 Bankruptcy Case for the reason he possesses substantial experience and knowledge in the area of bankruptcy.

7. The employment of *Law Office of Antonio Martinez, Jr. P.C.* is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor-in-Possession. Subject to further order of this Court, it is proposed that *Law Office of Antonio*

*Martinez, Jr., P.C.* be employed as bankruptcy counsel to:

    a.    take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions, the defense of any action commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed;

    b.    prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and papers in connections with the administration and prosecution of the Debtor's Case;

    c.    advise the Debtor in respect of bankruptcy matters or other such related services as requested;

    d.    perform all other necessary legal services in connection with the Case;

    e    advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management, operation and liquidation of its business and properties;

    f.    to review all loan and lease documents executed by the Debtor with its lenders and lessors;

    g.    attend meetings and negotiate with representatives of creditors and other parties in interest;

    h.    review and take necessary steps if there are transfers which may be avoided as preferential or fraudulent transfers, under the appropriate provision of the Bankruptcy Code;

    i.    take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning all litigation in which the Debtor is or may become involved, and objections to claims filed against the Debtor's estate;

    j.    prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    k.    prepare on the Debtor's behalf any plan or plans of liquidation, statements, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    l.    represent the Debtor in connection with any potential post-petition financing;

    m.    appear before this Court, any appellate courts, and the United States Trustee and protect the interests of the Debtor's estate before such Courts and the United States Trustee;

    n.    file the Chapter 11 petition and schedules, related pleadings and first day motions;

    o.    perform all other necessary legal services with regard to the liquidation of the Debtor's real estate, including but not limited to legal services to establish and confirm the Debtor's marketability of title by adverse possession and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

    p.    appear before any local authorities and/or state permitting agency with regard to the development, subdivision or transfer of the Debtor's real estate; and (b) take all steps necessary to authorize use of cash collateral;

8. To the best of Debtors' knowledge, neither *Antonio Martinez, Jr.* nor LOAM has any connection with the Debtors' creditors, any party in interest, their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee.

9. Neither LOAM nor *Antonio Martinez, Jr.* represents any interest adverse to Debtors, or to the estate, and the employment of LOAM and the designation of Antonio Martinez as attorney in charge would be in the best interest of this estate.

10. Any compensation to be paid for the services rendered in this case shall be the sole property of the LOAF and will not be shared with any person or entity, other than with the partners, counsel and associates of LOAM.

11. LOAM's hourly rates are set at a level designed to fairly compensate the firm for work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

12. Under the terms of employment, LOAM has agreed to represent Debtors, subject to the approval of the Court, based on time and standard billing charges of $225.00 per hour for

partner time, $175.00 per hour for associate time, and $75.00 per hour for the bankruptcy legal assistants.

13. In addition, LOAM will seek reimbursement for the following expenses at the rate designated as follows: postage, copies at $.25 per copy, long distance calls at actual cost, Fastcase at the regular charge imputed to attorney by Fastcase, travel time at one-half the hourly rate, and reimbursement of any other expenses paid by LOAM in connection with this bankruptcy, including but not limited to delivery charges and filing fees on any adversary proceedings.

14. The Debtor requests that the Court approve the employment of LOAM *nunc pro tunc* July 19, 2013 because during that time period, LOAM was involved in evaluating what factors would impact the assets of the estate, such as the ongoing civil litigation with the Debtor and the principal.

15. Application for Attorneys' Fees and Expenses will be made in accordance with Title 11 U.S.C. §§ 328 and 330, with reasonable compensation for such services to be taxed and paid as cash in this proceeding upon application and approval by this Court. Interim fee applications may be filed every sixty days from the filing date of the preceding application for attorneys' fees and expenses. Any retainer will be held by the attorney in segregated account in trust for the estate with drafts made only after application to and order of the Court. These fees and expenses will be for services rendered commencing on or after the Petition Date, or for legal services rendered prior to petition date in connection with the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Lilia Murray prays that this Court approve the *Application for the Approval of the Employment of Law Office of Antonio Martinez, Jr., P.C. as Attorney for the Debtor*, under the terms specified herein, and grant them any such further

relief at law or under equity to which it has shown itself justly entitled to receive.

Date: November 18, 2013            Respectfully submitted,

                                            Law Office of Antonio Martinez, Jr.
                                            */s/ Antonio Martinez, Jr.*
                                            **Antonio Martinez, Jr.**
                                            413 W. Nolana Ave. Ste 9
                                            McAllen, TX 78504
                                            956-683-1090
                                            Fax : 956-683-1090
                                            Email: martinez.tony.jr@gmail.com

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing *Application for the Approval of the Employment of Law Office of Antonio Martinez, Jr., P.C. as Attorney for the Debtor*, was served on the date that it was filed electronically on the parties listed below and on the parties listed in the Creditor Matrix filed in this case. Service was accomplished by the method and to the following as indicated: BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL, POSTAGE PREPAID:

                                            /s/ Antonio Martinez

U.S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78401

Debtor(s):
Lilia Murray
3205 San Nicolas
Mission, Texas 78572

WeinRitter Realty, LP and
WeinRitter Investments, Inc.
P.O. Box 782129
San Antonio, TX 78278-2129
12715 Cranes Mill
San Antonio, TX 78230
Via fax 210-492-5308

Mr. Harold K. Tummel
Tummel & Casso
4430 South McColl Rd.
Edinburg, Texas 78539
Via fax 956-664-0522

Mr. Dustin C. George
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas parkway, Suite 900
Dallas, TX 75254
Via fax 214-635-2686

Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
PO BOX 17428
Austin, TX 78760-7428


Ocwen Loan Servicing, LLC
P.O. Box 24736
West Palm Beach, Florida
33416-4736

McAllen Medical Center
c/o Aargon Collection Agency
3025 West Sahara Ave.
Las Vegas, Nevada 89102-6094

IRS
Centralized Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346