**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE |
| | § | |
| LILIA MURRAY | § | No. 13-70547-M-11 |
| | § | |
| Debtor | § | CHAPTER 11 |

**OBJECTION OF WEINRITTER REALTY, L.P. TO DEBTOR LILIA MURRAY'S MOTION TO SHORTEN RESPONSE TIME ON DEBTOR LILIA MURRAY'S EMERGENCY MOTION TO USE ASSETS OF THE ESTATE OUTSIDE THE ORDINARY COURSE OF BUSINESS AND REQUEST FOR HEARING IN BROWNSVILLE, TEXAS ON MARCH 12, 2014**

TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:

WEINRITTER REALTY, L.P. ("Weinritter" or "Movant") files this Objection of Weinritter Realty, L.P. to Debtor Lilia Murray's Motion to Shorten Response Time on Debtor Lilia Murray's Emergency Motion to Use Assets of the Estate Outside the Ordinary Course of Business and Request for Hearing in Brownsville, Texas on March 12, 2014, and would respectfully show the Court as follows:

1.0   The Debtor filed an Emergency Motion to Use Assets of the Estate Outside the Ordinary Course of Business and Request for Hearing in Brownsville, Texas, Docket Entry No. 60, on March 5, 2014, and on March 6, 2014, filed her Emergency Motion to Shorten Response Time on Debtor's Motion to Use Assets Out of the Ordinary Course of Business and Request for Hearing in Brownsville, Texas, shortening the time to file a response to 8:00 am on March 11, 2014, Docket No. 61,

and conduct an Emergency Hearing in Brownsville, Texas, on March 12, 2014. The stated basis for the emergency hearing is the immediate need to obtain an insurance policy to cover the roof of the real property on which Weinritter Realty holds a secured claim.

1.1 This is not a real emergency; the Debtor has not had insurance on the roof since the insurance policy was cancelled early in the case, and the new policy obtained by the Debtor excluded the roof from coverage in November of 2013. The Debtor had full knowledge of this problem in November 2013, and made the first effort to correct the insurance problem on December 17, 2013. Holding an emergency hearing in Brownsville, Texas, on March 12, 2014, is not going to solve the Debtor's problems or obtain insurance on the real property in the immediate future, for the reasons set forth below.

**BACKGROUND FACTS**

2.0 The roof of the real property was damaged on March 29, 2012; an insurance claim was submitted for the damage. The Debtor and Freddie Murray, the son of her deceased spouse, claimed ownership of one-half of the property under separate wills, and each contested the right of the other to receive the insurance proceeds in the probate court of Hidalgo County, Texas.

2.1 The real property is subject to a Renewal and Extension Real Estate Lien Note in the original principal amount of $215,000.00 which matured on October 15, 2013 (the "Note"), which is secured by a Renewal and Extension Deed of Trust

In re: Lilia Murray                                                                                          Bankruptcy Case No. 13-70547
Objection to Motion to Shorten Time                                                                Page 2 of 7.

and an Assignment of Leases and Rents, in favor of Weinritter Realty, LP. The loan was made on October 15, 2010, and the loan was to refinance an existing short term loan of $100,000.00 secured by a Deed of Trust on the Real Property. The Weinritter Note renewed and extended that Note and Deed of Trust, and additional funds were advanced to the Debtor and her spouse, Antonio Murray. The Note matured before the Debtor filed her voluntary petition. There is a dispute over ownership of the property between the Debtor and Freddie Murray that has been going on for years, without any real attempt to repair the roof.

    3.0    After the Debtor filed her Small Business Case under Chapter 11, the Court ordered the Debtor to file her disclosure statement and plan within 120 days of filing, and set the status conference hearing on February 26, 2014. At the hearing, the Court and the United States Trustee became concerned when the Debtor disclosed the roof was not covered by insurance, and ordered the Debtor to report to the Court within 10 days on when the Debtor could or would obtain insurance. Weinritter's attorney believes the Debtor's Emergency Motion to Use Assets of the Estate Out of the Ordinary Course of Business and Request for Hearing in Brownsville, Texas, is the Debtor's attempt to advise the Court of its efforts to obtain insurance, and shift the responsibility of obtaining insurance and repairing the roof to the Lender, as the Debtor is no closer to obtaining insurance than she is in replacing the damaged roof.

3.1     Weinritter opposes an Emergency Hearing in Brownsville, Texas, on March 12, 2014, and shortening the time to file a response to 8:00 am on March 11, 2014.  The recent motion, Docket Entry No. 60 and 61, both reference other motions to be filed with the current motions, but those motions are not filed.  When the attorneys for the Debtor and Weinritter conferred on the motions now filed, other motions were discussed, which include an emergency motion to incur debt on a super-priority lien basis, by granting the Debtor authority to incur debt on a super-priority basis, allowing a mechanics lien of approximately $78,000.00, which would take priority over the Weinritter first lien, and other motions, which have yet to be filed.  Weinritter filed its Motion for Relief From Automatic Stay; Docket Entry No. 62 on March 6, 2014.  That motion is calendared for hearing on March 26, 2014, at 9:00 am in McAllen, Texas.  A motion to dismiss will be filed in the very near future, and the same facts and evidence that relate to the Motion for Relief From Stay will be relevant to both motions.  The documents and testimony on all the motions and objections to the motion of both the Debtor and Weinritter will be related, if not substantially the same.  The Debtor was ordered to report on the status of insurance within 10 days of February 26, 2014, and to immediately file a disclosure statement and plan.  The Court has not entered an order extending the time for the filing of the disclosure statement and plan to March 11, 2014, as represented in the Debtor's motions.

3.2     Counsel for Weinritter told Debtor's counsel he would oppose an

emergency expedited hearing on March 12, 2014, in Brownsville, Texas, and offered to agree to a time and date for a hearing in Corpus Christi, Texas, on a date other than March 12, 2014.  Weinritter's principal place of business is in San Antonio, Texas; Weinritter's attorney maintains offices in San Antonio, Texas.  Weinritter's attorney will need one of the principals of Weinritter to identify exhibits.  Two of the principals of Weinritter will be out of town until late on the evening of March 11, 2012; the other lives in Dallas, Texas.  It is burdensome to cause the principals of Weinritter to have a representative travel from San Antonio, Texas, to accommodate a problem caused by the Debtor's lack of diligence.  Additionally, the Debtor has not filed all the accompanying motions to the Motion to Use Assets Outside the Ordinary Course of Business, and even if the Court were to grant the Debtor's Motion, the Debtor is still short $22,000.00 to repair the roof.  When and if it is determined who owns the property, and the $24,000.00 in the DIP account, which comes from rents collected from the use of the property, and the Debtor uses the $46,000.00 held in escrow, the replacement of the roof is estimated to be $92,000.00, and no time estimate of the repairs is given.

    3.3    Weinritter has no problem with preparing for and attending a hearing on an expedited basis in Corpus Christi, Texas, on a shortened time basis, but is opposed to doing so until the Debtor files a disclosure statement and plan, and any other motions that must be heard in conjunction with the relief before the Court. The Debtor's Emergency Motion to Use Assets Outside of the Ordinary Course of

Business and Emergency Motion to Shorten Time do not tell the Court how long the repairs will take, when the repairs can began, and when there will be insurance in place. It would be in the best interest of all the parties, and in the interest of judicial economy, if the Court were to set a time by which the parties should file their competing motions, and consider the motions in the context of setting times for hearing on all matters, including the disclosure statement.

        Respectfully submitted,

        **LAW OFFICES OF RONALD J. JOHNSON**

        Riverview Towers, Suite 1350
        111 Soledad
        San Antonio, Texas 78205
        Telephone:  (210) 472-0500
        Telecopier: (210) 472-0515


        By: s/s Ronald J. Johnson
           **RONALD J. JOHNSON**
           State Bar No. 10787500
           ronjohnson@rjjohnsonlaw.com


        **ATTORNEY FOR CREDITOR,**
        **WEINRITTER REALTY, LP**

## CERTIFICATE OF CONFERENCE WITH OPPOSING COUNSEL

Ronald J. Johnson, the undersigned counsel for the Weinritter, hereby certifies that on March 5, 2014, he conferred with opposing counsel for the Debtor to discuss resolution of the relief sought, including this motion to shorten response time on Debtor's Emergency Motion to use assets of the estate outside the ordinary course of business and request for hearing in Brownsville, Texas on March 12, 2014, and other relief available to Weinritter under the provisions of the Bankruptcy Code. The parties were unable to agree on the relief requested.

/s/ Ronald J. Johnson
Ronald J. Johnson

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Objection of Weinritter to Debtor Lilia Murray's Motion to Shorten Response Time on Debtor Lilia Murray's Emergency Motion to Use Assets of the Estate Outside the Ordinary Course of Business and Request for Hearing in Brownsville, Texas on March 12, 2014 was served upon all parties listed on the attached mailing matrix via electronic means upon all parties registered with and requesting service via the Court's ECF system and/or by U.S. First Class Mail, on March 6, 2014:

/s/ Ronald J. Johnson
Ronald J. Johnson